540 A.2d 332

Joseph Russo, Appellant *v.* Philadelphia County Board of Elections, Appellee.

Argued March 30, 1988, before Judge COLINS, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Joseph Russo,* appellant, for himself.

*Pamela P. Cohen,* for appellee, Democratic City Committee.

*Ralph J. Teti,* Chief Deputy City Solicitor, for appellee, Board of Elections.

OPINION BY SENIOR JUDGE KALISH, April 4, 1988:

Appellant, Joseph Russo, appeals from an order of the Court of Common Pleas of Philadelphia County which denied his request to set aside his withdrawal petition as a candidate for membership in the Democratic Executive Ward Committee for the 39th Ward of the City of Philadelphia.

Appellant contends that he was coerced into withdrawing his petition under pressure of Councilman Tayoun and others. The trial judge, after a hearing at which appellant was not represented by counsel, indicated that although there was pressure, "this does not seem to me to rise to that pressure which would warrant the vacating of the withdrawal." Notes of Testimony at 48. The court, without making any findings of fact, concluded that the withdrawal was filed knowingly, intelligently and voluntarily and that appellant knew what he was doing.

Of course, determining the credibility of the witnesses and the weight of their testimony is always for the fact finder. However, deductions, conclusions, and inferences drawn from those facts are always reviewable on appeal. *Brooks v. Conston,* 356 Pa. 69, 51 A.2d 684 (1947). The appellate court can competently draw the appropriate inferences and conclusions from the facts,

regardless of the action of the trial court. *Kemp v. Majestic Amusement Co.*, 427 Pa. 429, 234 A.2d 846 (1967).

Section 914 of the Pennsylvania Election Code (Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §2874, provides that "[n]o candidate may withdraw any withdrawal notice already received and filed, and thereby reinstate his nomination petition." However, "the [Pennsylvania] Election Code must be *liberally* construed so as not to deprive an individual of his right to run for office, or the voters of their right to elect a candidate of their choice." *Perles v. Hoffman*, 419 Pa. 400, 405, 213 A.2d 781, 784 (1965) (emphasis added). Since appellant could be deprived of the fundamental right to run for office, due process requires that he be advised of his right to be represented by counsel.

The net result of refusing appellant's belated withdrawal of his withdrawal petition would be to deny the electors a choice between two bona fide candidates. Yet, at the same time, having exercised his option of withdrawal, the electorate has a right to demand of him not to play fast and loose with the orderly election process. There appears to be no such intent here. An allegation of coercion and duress may be a legally sufficient reason to vitiate the original withdrawal, since under such circumstances the withdrawal may have been involuntary and hence not a valid withdrawal.

To succeed in his action, appellant must produce evidence showing an immediate and complete legal right to set aside his withdrawal after the expiration of the prescribed time. We have no way of knowing, without the necessary findings of fact, whether the trial court's conclusion was a reasonable and rational one based on the facts.

Consequently, this matter will be remanded to the trial court to make findings of fact sufficient to enable

this Court to review the matter. Because of the imminence of this election case, the trial court shall hold a hearing within seven days of the filing of this opinion and the results shall be transmitted to this Court within two days thereafter.

ORDER

Now, March 30, 1988, the order of the Court of Common Pleas of Philadelphia County, No. 6481, February Term, 1988, dated March 1, 1988, is reversed, and this matter is remanded for a further hearing consistent with the opinion.

---

CONCURRING OPINION BY JUDGE BARBIERI:

I concur in the result reached by Senior Judge KALISH, because I believe that the Appellant, uncounseled and apparently not advised of his right to legal counsel, or right to a continuance, was not granted sufficient time by the trial court to prepare and present his case and may thereby have been denied due process. Appellant *pro se* presented his instant petition with a rule returnable to the motion judge on March 1, 1988. The record shows this rule was signed by the motion judge who directed Appellant to serve the petition on Appellees and docketed by the prothonotary at 10:21 a.m. The rule returnable and hearing was set for 2:00 p.m. on March 1, 1988. Three and one half hours is simply insufficient to accomplish service of the petition, subpoena witnesses and prepare for an election hearing, particularly when Appellant is unrepresented by counsel.

---

DISSENTING OPINION BY JUDGE COLINS:

I dissent. The Election Code is clear that once a candidate withdraws a nominating petition, he may not

re-enter the election. Appellant presented no testimony which, if believed, would negate his withdrawal *ab initio* so that appellant could re-enter the race. I would affirm the trial court in its conclusion that appellant's testimony, if believed, would not warrant the vacating of the withdrawal.

---

540 A.2d 616

OPINION BY SENIOR JUDGE KALISH:

On March 30, 1988, this Court remanded this election matter for a further hearing concerning appellant's petition to withdraw a withdrawal of a nomination petition by reason of duress. The trial court conducted a hearing on April 6, 1988 and issued findings of fact and conclusions of law on April 8, 1988.

The trial court concluded on April 8, 1988 that appellant's withdrawal of his nomination petition was "the product of coercion and duress and, therefore, involuntary," and that appellant should be reinstated as a candidate for the office of Member of the Ward Executive Committee of the Democratic Party for the 39th Ward, 40th Division of the City and County of Philadelphia of the 1988 Primary Election to be held April 26, 1988. In light of the trial court's specific findings on this matter upon remand,[1] we must reverse the trial court's original order of March 1, 1988 and order that appellant be reinstated as a candidate for the office of Member of the Ward Executive Committee of the Democratic Party for the 39th Ward, 40th Division of the City and County of Philadelphia at the 1988 Primary Election to be held April 26, 1988.

---

[1] The trial court's eight findings, supported by the record, set forth in considerable detail the coercion and duress utilized in this matter.

198

ORDER

Now, April 12, 1988, the order of the Court of Common Pleas of Philadelphia County, No. 6481 February Term, 1988, dated March 1, 1988, is reversed, and the Philadelphia County Board of Elections is directed to certify Joseph Russo as a candidate for the office of Member of the Ward Executive Committee of the Democratic Party for the 39th Ward, 40th Division of the City and County of Philadelphia at the 1988 Primary Election to be held April 26, 1988.

Judge COLINS dissents.