609 A.2d 594

**Leonard Dale POFF, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted April 6, 1992.

Decided May 6, 1992.

Anthony J. Grieco, for appellant.

Daniel E. Holmes, Asst. Dist. Atty., for appellee.

Before McGINLEY and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the appeal of Leonard D. Poff (Poff) from the order of the Court of Common Pleas of Lycoming County that convicted him of the summary offense of using bait to hunt in violation of Section 2308(a)(8) of the Game and Wildlife Code [1] (Code). We affirm.

Wildlife Conservation Officers observed Poff at his parents' cabin in Cummings Township. Poff came out of the

1. 34 Pa.C.S. § 2308(a)(8).

cabin dressed in camouflage clothing with his hunting license on his back. The officers observed Poff carrying two chairs into the garage and opening windows in the upper part of the garage. Poff returned to the cabin, emerging again with a bag. He then returned to the garage area and scattered cracked corn on the ground in front of a corn feeder near the garage. N.T., pp. 11–13.

The officers walked to another area adjacent to the Poff cabin and shortly thereafter encountered Poff who carried a shotgun. The officers did not identify themselves as law enforcement officers. Approximately five to seven minutes later, the officers, identifying themselves as such, arrested Poff and instructed him to remove the corn from the feeder. The officers then left but returned to take photographs of the area the same day. N.T., pp. 15–17, 62–63, 86–88. At this time, the officers found Poff at the garage window with a camera taking pictures. N.T., p. 53.

A district justice found Poff guilty of a summary conviction. Poff appealed and after a trial de novo, Poff was again found guilty. On appeal,[2] Poff argues that the Commonwealth failed to meet its burden of proving that Poff was guilty of hunting with bait. We do not agree.

Section 2308(a)(8) of the Code, 34 Pa.C.S. § 2308(a)(8), provides in pertinent part:

> Except as otherwise provided in this title, it is unlawful for any person to hunt or aid, abet, assist or conspire to hunt any game or wildlife through the use of:
>
> \* \* \* \* \* \*
>
> (8) Any artificial or natural bait, hay, grain, fruit, nut, salt, chemical, mineral or other food as an enticement for game or wildlife, regardless of kind and quantity or take advantage of any such area or food or bait prior to 30 days after the removal of such material and its residue.

**2.** This Court's scope of review is limited to determining whether there has been an error of law or whether the findings of the trial court are unsupported by competent evidence. *Blobner v. Commonwealth,* 144 Pa.Commonwealth Ct. 100, 600 A.2d 708 (1991).

Section 2301(a)(1) of the Code, 34 Pa.C.S. § 2301(a)(1), provides that: "[f]or the purpose of this title, anyone of the following acts shall constitute prima facie evidence of hunting: (1) [p]ossession of any firearm, bow and arrow, raptor, trap or other device of any description usable for the purpose of hunting or taking game or wildlife."

Poff asserts that the Commonwealth failed to establish that he intended to hunt. However, as indicated by Section 2301(a)(1) of the Code, *possession* of a firearm constitutes prima facie evidence of hunting. Pursuant to the Code, Poff's possession of the shotgun is prima facie evidence that Poff was hunting. Poff, himself, testified that after setting up the chairs in the garage and sprinkling cracked corn on the ground, he emerged from the cabin in camouflage clothes with a hunting license on his back carrying his shotgun. N.T., pp. 74–77.

Poff argues that while he knew of the location of the feeder and the cracked corn scattered on the ground, he was not hunting with bait at the time that the officers were present. Poff states that he scattered the cracked corn around the feeder to lure wild turkey to the area in order to photograph them. Poff asserts that the officers saw him place two lawn chairs in the garage and spread the cracked corn and, therefore, the officers knew that Poff's purpose in doing so was to photograph game. Poff testified that he undertook to hunt at another location east of the cabin. However, his testimony is inconsistent with his actions on that date. N.T., pp. 76–82, 84. After initially speaking with the officers, Poff did not proceed to his hunting location, but rather immediately and hurriedly returned to the cabin and did not hunt that day.

Questions of credibility and conflicts in the evidence presented are within the province of the trial judge, acting as a jury, to resolve not our appellate courts. *Department of Transportation, Bureau of Driver Licensing v. Kilrain*, 140 Pa.Commonwealth Ct. 484, 593 A.2d 932 (1991), *appeal denied*, 529 Pa. 625, 600 A.2d 541 (1991); *Department of*

*Transportation v. Prescol, Inc.*, 22 Pa.Commonwealth Ct. 97, 347 A.2d 729 (1975). However, deductions, conclusions and inferences drawn from facts presented are reviewable on appeal. *Russo v. Philadelphia County Board of Elections*, 115 Pa.Commonwealth Ct. 192, 540 A.2d 332 (1988). In doing so, we must review the record in the light most favorable to the Commonwealth as the non-moving party, giving it all reasonable inferences and resolving all doubts as to the existence of a genuine issue of material fact against Poff. *Bruce v. Department of Transportation*, 138 Pa.Commonwealth Ct. 187, 588 A.2d 974 (1991).

Based upon the facts presented to the trial court and permitting questions of credibility and conflicts in the evidence to be resolved by the trial court but drawing our own conclusions and inferences from those facts, it is clear to this Court that the Commonwealth met its burden of proving Poff guilty of hunting with bait in violation of Section 2308(a)(8) of the Code. We affirm.

## ORDER

AND NOW, this 6th day of May, 1992, the order of the Court of Common Pleas of Lycoming County is hereby affirmed.