COMMONWEALTH of Pennsylvania

v.

Thomas SELLINGER, Appellant.

Commonwealth of Pennsylvania

v.

Dennis Waltz, Appellant.

Commonwealth of Pennsylvania

v.

Paul Rice, Appellant.

Commonwealth of Pennsylvania

v.

Bryan Graham, Appellant.

Commonwealth of Pennsylvania

v.

William Schneck, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 2000.

Decided Nov. 20, 2000.

George E. Lepley, Jr., Williamsport, for appellants.

Roan J. Confer, Williamsport, for appellee.

Before COLINS, Judge,
LEADBETTER, Judge and LEDERER,
Senior Judge.

LEDERER, Senior Judge.

The Appellants were members of a group of ten individuals charged with violating 34 Pa.C.S. § 2308(8) relating to hunting in areas that had been baited. A District Justice found the five Appellants guilty and their convictions were upheld on appeal to the Court of Common Pleas of Lycoming County. This appeal followed. We affirm the trial court.

On November 23, 1998, Wildlife Conservation Officers of the Pennsylvania Game Commission observed a group of people hunting on the grounds of the Elbow Hunting Club in Lycoming County. The area in which they were hunting contained three game feeders each of which contained shelled corn and each of which was surrounded by bear droppings. All of the Appellants were observed to be close enough to the feeders to be aware of them at the time they were cited, each admitted knowledge of the existence of the feeders and each was carrying a loaded firearm. They were found guilty of violating the statute prohibiting hunting with bait because the trial court determined that the Appellants knew or should have known that they were violating the statute.

The issues addressed on appeal are whether the Commonwealth's evidence establishing beyond a reasonable doubt that the Appellants were hunting and that they knew or should have known of the existence of the bait was sufficient to sustain their convictions and whether the statute under which they were convicted is unconstitutionally vague.

Under the Game and Wildlife Code the possession of a firearm suitable for hunting is prima facie evidence that a person is engaged in the act of hunting (34 Pa.C.S. § 2301). The Commonwealth charged the Appellants with hunting by the use of bait after they were observed in possession of loaded firearms in an area that was baited.

At trial the Commonwealth argued a standard of strict liability. It said that a conviction should follow from a mere showing that the Appellants were hunting in a baited area, regardless of whether they intended to take advantage of the bait or whether they even knew of its existence.

The Appellants contend that this is not enough to prove a violation of the statute. They argue that a violation of the Game Law is a criminal offense and that the Commonwealth must, therefore, prove that they committed a voluntary act before they can be convicted. What they argue, as the Trial Court recognized, is that "the Commonwealth has not proven that they *intended* to hunt through the use of bait." (Trial Court Opinion at 4, emphasis added), and that the "central issue ... [is] the standard of culpability the Commonwealth [is] required to establish to prove Defendant's acts constituted violations of 34 Pa. C.S. § 2308(a)(8)." *Id.*

■ Intent, however, need not be demonstrated to prove a violation of the Game Laws. "Title 18 (relating to crimes and offenses) is inapplicable to this title insofar as it relates to: (1) intent, willfulness of conduct ...." 34 Pa.C.S. § 925(j).

■ The trial court recognized this but believed as we do that the Legislature intended that some voluntary act must be proved before there is a violation of the Game Laws. The trial court found that the voluntary act in this case was the Commonwealth's evidence that the Appellants were hunting in knowing proximity of the feeders. "The actions by the Defendants of hunting near the bait constituted the voluntary acts for which they were found to be in violation of the statute." (Trial Court Opinion at 4).

The Court called this the "reasonable hunter" or "negligent hunter" standard and found that it was essentially the standard followed by the enforcement officers

on the day of the incident in question.[1] One of the Wildlife Officers described the policy they followed on the morning they cited the Appellants this way: "We all had agreed that if a hunter was within view of it or if a hunter knew where the feeder was, had knowledge of it, and if the firearm was loaded, they would be charged." (Trial Court Opinion at A–10, quoting notes of testimony of October 18, 1999 hearing at 34–35). The Court found this approach "realistic" and "reasonable" and "consistent with effective enforcement of the law in question."

We agree with the trial court. To impose the Commonwealth's strict liability standard would be unjust. It is possible to attract game to an area by the use of bait that is not apparent to anyone but the person who set it out. Shelled corn or salt spread in high grass or underbrush and certain commercial liquids are but two ways to do this. These are undetectable to the lawful hunter who happens to find himself in the area in which they have been set. If we were to apply strict liability to this statute then a completely innocent hunter, exercising the utmost of good citizenship and sportsmanship might unknowingly hunt in a baited area. Such a person cannot fairly or reasonably be found guilty of unlawful hunting.

The Appellants' argument goes too far in the other direction. It would be an exceedingly difficult burden for the Commonwealth to carry if it had to prove that a hunter acted with the intent to violate the statute. We note again that our legislature specifically removed the element of intent from the Game Laws, 34 Pa.C.S. § 925(j). To require the Commonwealth to prove it here would thwart the legislative purpose behind the enactment of the statue by making the enforcement of it almost impossible.

The trial court's decision in this matter follows a clear, well-reasoned and persuasive path between the thickets of strict liability and criminal intent. We adopt it here in finding that a violation of 34 Pa. C.S. 2308(a)(8) occurs regardless of whether the hunter actually intends to take advantage of the bait if he continues to hunt in an area after he knows or has reason to know that it is a baited area; even if he proceeds to hunt by walking away from the bait rather than toward it, so long as he continues to hunt. A hunter who becomes aware of the existence of bait and unloads his weapon is no longer hunting.

■ The Appellants next argue that the law is unconstitutionally vague because it does not set forth a specific distance a person must be from a bait or a baited area before they can lawfully hunt.

The United States Court of Appeals for the Fourth Circuit addressed a similar challenge to a federal statute prohibiting hunting with bait[2] in *United States v. Chandler, et al.*, 753 F.2d 360 (4th Cir. 1985). The court refused to define the limits of a baited area by a specific distance that a hunter must maintain from the bait. In doing so the court held that:

> The extent of a 'baited area' is defined only by the capacity of bait placed anywhere within it to act as an effective lure for the particular hunter charged. An arbitrary spatial limitation would fail to protect those [animals] that are attracted within shooting range by bait in areas

---

1. As the trial court noted in its opinion it is also the standard followed by a number of District and County cases that have addressed this issue. See: *Commonwealth v. Salvatore, Comm. v. Paisano*, Nos. 349 and 350 of 1994, C.P. Clearfield County 1995; *Commonwealth v. Ebersole*, Nos. 15–18, 25, 76 Misc. Division, C.P. Tioga County 1985; *Commonwealth v.*

*Strait*, 26 D & C 4th 335 (Wyoming County 1995). Interestingly, those opinions and the opinion of the trial judge in this case, were written by jurists who are themselves hunters.

2. Migratory Bird Treaty Act § 2, 16 U.S.C. § 703.

just outside any arbitrary limitation that may be set.

*Id.* at 362.[3]

We find this reasoning to be persuasive and adopt it here in defining a baited area by its capacity to act as an effective lure for the particular hunter charged with a violation of the statute. In doing so we find that the statute is not unconstitutionally vague.

Accordingly, the Order of the trial court in this matter is affirmed.

### ORDER

AND NOW, this 20th day of November, 2000, the orders of the Court of Common Pleas of Lycoming County in this matter is affirmed.

**3.** In its opinion the trial court quoted an unpublished Superior Court opinion that expressed a consistent view:

it would have been impossible for the legislature to delineate a specific area within which baiting in general could be limited. Animal habits and geography in the myriad of possible situations represent variables that defy reduction to a legislative formula. *Commonwealth v. Martin, et al,* Nos. 00138, 00139 and 11074 (Harrisburg 1984)(C.P. Centre County Nos. 231, 232 and 233 of 1983).