IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania       :
                                   :   No.  2053 C.D. 2014
           v.                      :
                                   :   Submitted:  May 8, 2015
Romulus C. Comly,                  :
                                   :
           Appellant               :


BEFORE:   HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  August 27, 2015


          Romulus C. Comly (Appellant) appeals from the October 2, 2014 order of the Court of Common Pleas of Centre County (trial court), finding him guilty of the summary offense of hunting over bait in violation of section 2308(a)(8) of the Game and Wildlife Code (Code), 34 Pa.C.S. §2308(a)(8).[1]  We affirm.

          This appeal arose from a citation issued to Appellant by Officer Michael Ondik of the Pennsylvania Game Commission after the officer allegedly observed Appellant hunting for turkey near cracked corn mixed with buckwheat.  Appellant

---

[1] In general, this section states that it is unlawful for any person to hunt through the use of any artificial or natural bait as an enticement for game or wildlife.  34 Pa.C.S. §2308(a)(8).

appealed the citation to the trial court, which held a hearing on October 2, 2014, at which Appellant, his father, Barry Comly, and Officer Ondik testified.[2]

The trial court accurately summarized the relevant testimony and explained the legal basis for Appellant's conviction as follows:

> [Officer Ondik] testified it was the opening day of spring turkey season when he encountered Appellant. Appellant and his father were located near a blind which was set up within ten to thirty feet of cracked corn and buckwheat scattered on the ground. Officer Ondik plainly observed the corn and buckwheat on the ground, and testified there was a sufficient amount to enable him to scoop it up with his hands. Officer Ondik also testified that corn and buckwheat are consistent with feed commonly used to attract turkeys and, in fact, is the mixture used by the Game Commission to trap. Further, Appellant was carrying a shotgun, the weapon commonly used to hunt turkeys. . . .
>
> The Commonwealth, therefore, proved the requisite *mens rea*, that is, that Appellant was hunting in an area after he knew or had reason to know that it was a baited area. Officer Ondik testified Appellant's father indicated he had last placed feed in the area approximately two weeks ago, and it did not appear to the Court that Appellant was visually impaired or otherwise unable to observe that he had placed his blind in a baited area. A reasonable hunter would have realized the grain was on the ground.

(Trial court op. at 2-3.)

In rejecting Appellant's defense that he was lawfully trying to bait coyotes, the trial court stated:

> Appellant attempted to argue he and his father were actually trying to bait coyote under [section 2308(a)(4) of the Code,]

---

[2] Appellant and his father, Barry Comly, were convicted before a magisterial district judge and appealed for a trial *de novo*. Appellant and Barry Comly were tried together before the trial court and both were found guilty. Barry Comly has not appealed his conviction to this Court.

2

34 Pa.C.S.A. [*sic*] §2308(b)(4), by . . . placing chicken bones in a tree. Although Appellant brought a bag of chicken bones to the hearing, he did not present any evidence to the Court that these were the chicken bones allegedly in the area on that particular day, nor did any party present photographs of the chicken bones *in situ*. Further, the Court notes neither Appellant nor his father attempted to inform Officer Ondik on the day in question that they were attempting to bait coyotes, rather than turkeys, nor did they attempt to show him the chicken bones.

The Court also did not find Appellant's testimony that he and his father were hunting coyotes credible in light of the testimony presented by the Commonwealth. Officer Zaffuto, an individual who has extensive knowledge of coyotes and the hunting thereof, testified [that] shotguns are not normally used to hunt coyotes in Pennsylvania, as they are a close-range weapon and eastern coyotes are very wary, generally requiring the use of a longer-range weapon, such as a rifle.

(Trial court op. at 2.)

On October 2, 2014, the trial court entered an order finding Appellant guilty of violating section 2308(a)(8) of the Code and ordering Appellant to pay fines and costs. Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant first argues that the evidence was legally insufficient to sustain the inference that he knew or had reason to know that there was cracked corn near the blind. Appellant contends that Officer Ondik did not testify that he was personally able to observe the corn from the blind and did not provide precise testimony as to the size of the cracked corn/buckwheat pile. Appellant maintains that Officer Ondik only saw the corn when it was below his feet and contends that it was pure conjecture whether Appellant was able to observe the corn.

Pursuant to section 2308(a)(8) of the Code,

3

> [I]t is unlawful for any person to hunt or aid, abet, assist or conspire to hunt any game or wildlife through the use of . . . [a]ny artificial or natural bait, hay, grain, fruit, nut, salt, chemical, mineral or other food as an enticement for game or wildlife, regardless of kind and quantity, or take advantage of any such area or food or bait prior to 30 days after the removal of such material and its residue.

34 Pa.C.S. §2308(a)(8).

Although section 2308(a)(8) of the Code does not contain a *mens rea* element on its face, this Court judicially inserted the criminal negligence standard into the statute, and a defendant will be found guilty if he "is hunting an area he knows or has reason to know is baited." *Commonwealth v. Donovan*, 829 A.2d 759, 762 (Pa. Cmwlth. 2003) (citing *Commonwealth v. Sellinger*, 763 A.2d 525, 527 (Pa. Cmwlth. 2000)).

In *Sellinger*, Officers of the Pennsylvania Game Commission observed a group of hunters close to an area that contained three game feeders filled with shelled corn. Because the hunters were observed to be close enough to the feeders to be aware of them, the Officers issued citations, and a trial court later found the hunters guilty of hunting over bait. On appeal to this Court, the Commonwealth argued that a standard of strict liability should apply to section 2308(a)(8) of the Code, while the hunters argued that the Commonwealth must prove that they intentionally violated the statute.

This Court rejected both approaches, stating:

> To impose the Commonwealth's strict liability standard would be unjust. It is possible to attract game to an area by the use of bait that is not apparent to anyone but the person who set it out. Shelled corn or salt spread in high grass or underbrush and certain commercial liquids are but two ways to do this. These are undetectable to the lawful hunter who happens to find himself in the area in which they have been set. If we were to apply strict liability to this statute then a

4

> completely innocent hunter, exercising the utmost of good citizenship and sportsmanship might unknowingly hunt in a baited area. Such a person cannot fairly or reasonably be found guilty of unlawful hunting.
>
> The [hunters'] argument goes too far in the other direction. It would be an exceedingly difficult burden for the Commonwealth to carry if it had to prove that a hunter acted with the intent to violate the statute. We note again that our legislature specifically removed the element of intent from the [Code], 34 Pa.C.S. §925(j). To require the Commonwealth to prove it here would thwart the legislative purpose behind the enactment of the statute by making the enforcement of it almost impossible.

*Sellinger*, 763 A.2d at 527.

Embracing a middle ground, this Court in *Sellinger* adopted the "reasonable hunter" or "negligent hunter" standard, and affirmed the summary convictions. *Id.* at 526-27. *See also Commonwealth v. Woosnam*, 819 A.2d 1198, 1205-06 (Pa. Super. 2003) (discussing the criminal negligence, or knew or should have known, standard of culpability).[3] In defining this standard, we held that it is irrelevant whether the defendant placed the bait in the area or intends to take advantage of the bait; instead, it is enough to show that the defendant continued to

---

[3] In relevant part, the criminal negligence, or knew or should have known, standard is defined in the Crimes Code as follows: "A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists. . . . The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation." Section 302(b)(4) of the Crimes Code, 18 Pa.C.S. §302(b)(4).

This standard is less onerous than the *mens rea* of actual knowledge, which requires proof that the defendant was consciously "aware . . . that such circumstances exist." 18 Pa.C.S. §302(b)(2)(i).

5

hunt after he knew or should have known that the area was baited. *Sellinger*, 763 A.2d at 527.

Here, Officer Ondik walked a small trail that led to the blind where Appellant was hunting. Officer Ondik looked down and readily observed that cracked corn was placed on the trail, directly in front of the blind and approximately 10 feet away, and that there were "a lot" of turkey scratches around the corn. Officer Ondik bent down and scooped up the cracked corn with both hands, which was mixed with buckwheat. Officer Ondik stated that Appellant's father said that he placed the bait in the area approximately two weeks ago. (Notes of Testimony (N.T.) at 8-10, 12.)

Viewed in the light most favorable to the Commonwealth, we agree with the trial court that the evidence is sufficient to establish that Appellant knew or should have known that he was hunting in an area that was baited. The blind's close proximity to the cracked corn, in conjunction with the readily-visible nature of the corn and the turkey scratches, are facts from which the fact-finder could infer that a reasonable hunter, exercising reasonable observation, should have discovered that the area was baited. *See Donovan*, 829 A.2d 762 (concluding that the defendant should have known that he was hunting over bait where the officer plainly observed corn scattered along a deer trail and the defendant's tree stand was located directly over the trail). This is not a case where the cracked corn was hidden in high grass or underbrush or located underneath leaves or bark, being apparent only to the person who placed it there. *See Sellinger*, 763 A.2d 527.

Appellant next argues that the trial court erred in failing to find that he was baiting and hunting coyote. Under section 2308(b)(4) of the Code, an exception to hunting over bait exists, and a hunter engages in legal activity, when the hunter

6

uses "[a]ny nature or manmade nonliving bait used to attract coyotes for hunting or trapping." 34 Pa.C.S. §2308(b)(4). Although Appellant introduced a bag of chicken bones at trial, as noted by the trial court, he did not present any evidence to the trial court that these were the chicken bones allegedly in the area on the day in question, nor did he inform Officer Ondik that he was attempting to bait coyotes. For these reasons, the trial court, as fact-finder, explicitly rejected as not credible Appellant's assertion that he was trying to bait and hunt coyotes. The trial court further stated that Appellant's testimony was not credible in light of Officer Zaffuto's testimony that shotguns are not normally used to hunt coyotes. Under Pennsylvania law, it was within the trial court's exclusive province to make such credibility determinations, and we will not disturb them on appeal. *Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012) (concluding that the fact-finder's "choice not to believe Appellant's version of the events was purely within its discretion and will not be disturbed on appeal."). Therefore, we reject Appellant's contention that the trial court erred in not crediting his evidence.

Because the two arguments that Appellant raises on appeal lack merit, this Court has no legal basis to set aside Appellant's conviction for hunting over bait. Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
                               :   No. 2053 C.D. 2014
               v.               :
                               :
Romulus C. Comly,          :
                               :
            Appellant      :

## ***ORDER***

AND NOW, this 27th day of August, 2015, the October 2, 2014 order of the Court of Common Pleas of Centre County is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge