IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                                :    No. 1416 C.D. 2017
                v.              :
                                :    Argued: October 2, 2019
Joshua T. Redovan,              :
                Appellant       :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge


OPINION BY
JUDGE McCULLOUGH                         FILED:  February 18, 2020

        Joshua T. Redovan appeals from the March 30, 2017 order of the
Court of Common Pleas of Westmoreland County (trial court), finding him guilty
of the summary offense of hunting over bait in violation of section 2308(a)(8) of
the Game and Wildlife Code (Code), 34 Pa.C.S. §2308(a)(8).[1]

---

[1] Section 2308(a)(8) of the Code provides, in pertinent part, the following:

> [I]t is unlawful for any person to hunt or aid, abet, assist or
> conspire to hunt any game or wildlife through the use of . . . [a]ny
> artificial or natural bait, hay, grain, fruit, nut, salt, chemical,
> mineral or other food as an enticement for game or wildlife,
> regardless of kind and quantity, or take advantage of any such area
> or food or bait prior to 30 days after the removal of such material
> and its residue. . . .

34 Pa.C.S. §2308(a)(8).

## Background

In August 2016, Redovan placed corn bait and a salt block close to a tree stand, located in Westmoreland County, where he intended to archery hunt. (Reproduced Record (R.R.) at 100a-101a.) On August 16, 2016, Redovan removed the corn and salt, including all visible residue, in order to comply with section 2308(a)(8) of the Code, which permits baiting as long as it is removed at least 30 days before an area is hunted. *Id.* The first day of archery season in that area was September 17, 2016, and Redovan intended to hunt the first day of the season. (R.R. at 97a-98a, 101a.)

Thereafter, on August 25, 2016, Redovan noticed a large pile of corn and a game camera approximately 70 yards from his tree stand. (R.R. at 98a-99a.) **<u>Neither the large pile of corn nor the camera had been placed by Redovan</u>**. *Id.* Upon finding the corn, Redovan contacted the Pennsylvania Game Commission (Game Commission) to report what he believed was illegal baiting by another hunter. (R.R. at 53a, 98a-100a, 108a.) Redovan then removed the other hunter's corn from the area. (R.R. at 67a, 110a.)

On August 29, 2016, Game Commission Officer Michael Papinchak (Officer Papinchak) called Redovan to obtain information regarding the evidence of baiting that Redovan had discovered. (R.R. at 54a, 67a-68a, 86a.) The next day, Officer Papinchak visited the area described by Redovan and found remnants of corn on the ground. (R.R. at 54a.) Officer Papinchak decided to conduct a thorough investigation of the area and observed evidence of recent deer activity. (R.R. at 55a-56a.) Specifically, Officer Papinchak noticed a significant number of deer tracks, which indicated the area was heavily trafficked by deer. *Id.* Officer Papinchak also found a stone that he believed had been used as a pedestal for a salt block. (R.R. at 56a, 65a.) Although Officer Papinchak was unable to observe any salt residue by the naked eye, he tasted a soil sample and determined that there was

2

salt in the soil. (R.R. at 71a, 73a.) Officer Papinchak did not call Redovan to inform him that there was still salt residue in the soil and also did not post the area to advise hunters it was closed for hunting. (R.R. at 73a, 102a.)

On opening day, September 17, 2016, Officer Papinchak returned to the area near the tree stand and witnessed Redovan hunting from his tree stand. (R.R. at 61a, 70a, 72a.) Officer Papinchak informed Redovan he would be citing Redovan for hunting in a baited area and, **specifically, for hunting over the area of the salt residue**. (R.R. at 71a-74a.) Officer Papinchak also collected soil samples that day and sent them to an independent laboratory for testing, which confirmed a high level of sodium in the soil. (R.R. at 63a-64a, 91a-93a.)

On September 30, 2016, Officer Papinchak issued a citation to Redovan for hunting over bait in violation of section 2308(a)(8) of the Code. The citation described the nature of Redovan's offense as follows:

> THE DEFENDANT DID UNLAWFULLY HUNT THROUGH THE USE OF ANY ARTIFICIAL OR NATURAL BAIT, SALT, CHEMICAL, MINERAL OR OTHER FOOD AS AN ENTICEMENT FOR GAME OR WILDLIFE, REGARDLESS OF KIND AND QUANTITY, OR TAKE ADVANTAGE OF ANY SUCH AREA OR FOOD OR BAIT PRIOR TO 30 DAYS AFTER THE REMOVAL OF SUCH MATERIAL AND ITS RESIDUE.

(R.R. at 9a.) On December 14, 2016, a magisterial district judge found Redovan guilty of hunting over bait under section 2308(a)(8) of the Code.

Redovan filed a summary appeal with the trial court, which held a *de novo* hearing on March 30, 2017. Both Redovan and Officer Papinchak testified at the hearing. The Commonwealth also presented the testimony of Verdean Keyser, the chemist who tested the soil samples collected by Officer Papinchak. The

Commonwealth's case-in-chief focused on attempting to prove that Redovan violated section 2308(a)(8) of the Code by hunting in the area of the salt residue.

Following the hearing, the trial court found Redovan guilty under section 2308(a)(8) of the Code. In its subsequent Pa.R.A.P. 1925(a) opinion, the trial court explained its decision as follows:

> I found as fact that [Redovan] was apprehended by [Officer] Popincak [sic] while hunting within 70 yards of an area which he, [Redovan], knew had been baited less than 30 days prior to the date he was hunting. The record shows that [Redovan] himself had reported baiting with corn on August 26, 2016, and met with the game officer on that date. Thereafter, on September 17, 2016, he located and utilized a tree stand to harvest deer. [Redovan] argued that the corn baiting was not his, but that any baiting he did in the area was with salt. However, the gravamen of the offense is not necessarily whose bait is present within 30 days, but more importantly the act of hunting within 30 days of a presence of baiting.
>
> The facts were not in serious dispute and I ruled that they established [Redovan's] guilt beyond a reasonable doubt.

On May 25, 2017, Redovan filed a motion for reconsideration, which the trial court denied. On June 19, 2017, Redovan filed an uncontested petition seeking the reinstatement of his appellate rights *nunc pro tunc*, which the trial court granted that same day. This appeal followed.

4

## Discussion

On appeal,[2] Redovan argues that (1) the trial court erred in finding him guilty of section 2308(a)(8) of the Code based on information not involved in his citation; (2) the evidence presented at trial was insufficient to sustain a conviction under section 2308(a)(8) of the Code; and (3) section 2308(a)(8) of the Code is unconstitutionally vague, as applied, because it yields a result that is absurd, impossible of execution, or unreasonable.

We first address whether the trial court erred in finding Redovan guilty based on information not relating to his citation. Redovan argues that even though he was cited for a violation stemming from salt residue under his tree stand, he was found guilty for a violation involving the corn that he discovered and about which he notified the Game Commission. Redovan contends that Officer Papinchak cited him for salt residue, rather than corn, and that the Commonwealth's case at trial was only based on proving a violation involving the salt residue. Redovan also maintains that although section 2308(a)(8) provides that, upon discovery of a baited area, the Game Commission may post a reasonable area around the baited area to advise hunters that it is unavailable for hunting, the Game Commission did not do so here. Conversely, the Game Commission argues that the citation provided Redovan sufficient notice that the presence of corn in his hunting area could serve as the basis of his guilt under section 2308(a)(8).

Section 2308(a)(8) of the Code provides, in pertinent part, as follows:

> [I]t is unlawful for any person to hunt or aid, abet, assist
> or conspire to hunt any game or wildlife through the use
> of . . . [a]ny artificial or natural bait, hay, grain, fruit, nut,

---

[2] On appeal from a summary conviction, where the trial court has taken additional evidence at a *de novo* hearing, our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1255 n.2 (Pa. Cmwlth. 2002).

5

salt, chemical, mineral or other food as an enticement for game or wildlife, regardless of kind and quantity, or take advantage of any such area or food or bait prior to 30 days after the removal of such material and its residue. . . . Upon discovery of such baited areas, whether prosecution is contemplated or not, the [C]ommission may cause a reasonable area surrounding the enticement to be posted against hunting or taking game or wildlife. The posters shall remain for 30 days after complete removal of the bait.

34 Pa.C.S. §2308(a)(8).

We conclude that Redovan's conviction was based on information not properly before the trial court nor listed in the citation. The citation closely mimics section 2308(a)(8), stating that Redovan "unlawfully hunt[ed] through the use of any artificial or natural bait, salt, chemical, mineral or other food as an enticement for game or wildlife . . . or [took] advantage of any such area or food or bait prior to 30 days after the removal of such materials and its residue." (R.R. at 9a) (emphasis omitted). However, the citation itself must be viewed in the context of what occurred during both Officer Papinchak's apprehension of Redovan and at trial, as it relates to the citation notice requirements under Pennsylvania law.

Pursuant to Rule 403(A)(6) of the Pennsylvania Rules of Criminal Procedure, "[e]very citation shall contain . . . a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a **summary of the facts** sufficient to advise the defendant of the nature of the offense charged." Pa.R.Crim.P. 403(A)(6) (emphasis added). Further, "it is well-established that the essential elements of a summary offense must be set forth in the citation so that the defendant has fair notice of the nature of the unlawful act for which he is charged." *Commonwealth v. Borriello*, 696 A.2d 1215, 1217 (Pa. Cmwlth. 1997). Thus, "the content of each citation, taken as a whole," must "prevent[] surprise as to the nature of the summary offense of which the defendant [is] found guilty at trial."

6

*Id.* "[A] defendant should not have to guess which charges have been placed against him," because, where charges "are not clear and explicit[,] a defendant cannot properly defend against them." *Borough of Walnutport v. Dennis*, 114 A.3d 11, 21 (Pa. Cmwlth. 2015). A summary offense may be dismissed for defects in the citation where the defendant suffered actual prejudice, which occurs if the contents of the citation did not sufficiently notify the defendant of the nature of the summary offense. *Id.*

The citation here gave no specific details about the exact infraction, *i.e.*, whether Redovan was cited for the use of salt bait or the pile of corn bait that was discovered. The record indicates that Redovan had removed a salt block from his hunting area more than 30 days before hunting the area, as required by section 2308(a)(8) of the Code. It was at this site that Redovan was apprehended while hunting. (R.R. at 62a, 70a, 101a, 107a.) Officer Papinchak testified that when he apprehended Redovan, he informed him that residue from **salt** influenced the deer's activities and habits and, hence, it qualified as a baited area in which Redovan was not permitted to hunt. (R.R. at 62a-63a.) Officer Papinchak also told Redovan that he was being cited for hunting over the area of the **salt** and that he could not hunt in the area of the salt residue. (R.R. at 71a-74a.) During their interaction, Officer Papinchak **did not indicate that there was also a violation relating to the corn**. Thus, based on Officer Papinchak's encounter with Redovan, as well as the citation, which contains no mention of the corn pile, Redovan had every reason to believe that he was only being cited for a violation stemming from salt residue, which was in the area of his tree stand that he had cleared of the salt block over 30 days prior.

Moreover, at trial, all of the evidence introduced during the Commonwealth's case-in-chief related to the salt residue found near the tree stand, and not the pile of corn. *See* R.R. at 56a-57a, 59a-60a, 64a-65a, 75a, 78a-79a. In

7

fact, at trial, Officer Papinchak summarized his opinion of why Redovan violated the statute, noting that Redovan "was hunting over a baited area with **mineral content** in the soil that **he placed** there." (R.R. at 85a) (emphasis added). Additionally, the Commonwealth's closing statement only discussed the salt residue and did not mention the corn. (R.R. at 120a-21a.)

Hence, the citation did not give Redovan sufficient notice that he was being charged for hunting in a baited area based on the placement of the corn. The citation broadly recited section 2308(a)(8) of the Code without indicating whether he was being charged for conduct relating to the salt residue or the corn. In light of Officer Papinchak's conversation with Redovan, in which he only mentioned the salt residue, and the evidence presented by the Commonwealth at trial, Redovan had no reason to believe he was being charged for a violation of section 2308(a)(8) of the Code due to hunting 70 yards from the location of the former corn pile. Yet, the trial court's ruling inexplicably relied upon facts that did not form the basis of either the citation or the testimony presented by the Commonwealth. Consequently, Redovan's citation neither gave him fair notice of the nature of the charge nor prevented surprise at trial. Because the failure to apprise Redovan that he was being charged for a violation stemming from the corn prevented him from adequately defending against the charge, we must reverse the order of the trial court.

Additionally, we are constrained to reverse based on the Game Commission's failure to post a "reasonable area" around the area of the corn that Redovan discovered. As observed previously, section 2308(a)(8) of the Code provides that upon discovery of baited areas, regardless of whether prosecution is contemplated, the Game Commission "may cause a **reasonable area surrounding the enticement to be posted against hunting** or taking game or wildlife. **The**

8

**posters shall remain for 30 days** after complete removal of the bait." 34 Pa.C.S. §2308(a)(8) (emphasis added).

Here, Redovan called the Game Commission to report his discovery of a pile of corn bait that was placed 70 yards from his tree stand. (R.R. at 53a.) According to Redovan, he reported the corn because he was concerned about a possible baiting violation in the area of the corn. (R.R. at 98a-100a.) Officer Papinchak responded and visited the site where the corn had been placed. (R.R. at 54a.) However, Officer Papinchak did not post a "reasonable area" around the corn to alert hunters not to hunt in that area. (R.R. at 73a.) Redovan testified that usually the Game Commission will tape off an area to inform hunters that an area had been baited but, in this instance, the area of the corn was not posted to inform hunters that hunting was not allowed. (R.R. at 102a.) Officer Papinchak returned to that area on opening day and cited Redovan for violating section 2308(a)(8) of the Code.

Given that Redovan attempted to comply with the Code by calling in the possible baiting violation, it is troubling that he was later convicted of a baiting violation for the same bait about which he notified the Game Commission. The posting provision in section 2308(a)(8) of the Code exists in order to instruct hunters that the Game Commission has determined that a certain area was baited and not suitable for hunting. Without a poster, Redovan had no way of knowing that his tree stand, located 70 yards from the corn pile that he reported, was considered a "baited area" where he was not allowed to hunt. Thus, the better approach would have been for the Game Commission to post a "reasonable area" around the former location of the corn to inform hunters not to hunt in the area, as provided for in the statute. Because of the lack of a posting of a "reasonable area" around the corn, Officer Papinchak's decision to apprehend Redovan for a

9

violation involving the same bait that Redovan reported amounts to a game of "gotcha," which requires that we overturn the conviction.

Redovan also argues that the evidence presented at trial was insufficient to sustain a conviction under section 2308(a)(8) of the Code. Redovan contends that the Commonwealth did not prove that he hunted over a "baited area" and that the trial court failed to address the "reasonable hunter" standard that applies to section 2308(a)(8) of the Code. Redovan further maintains that hunting 70 yards away from the location of the corn that he discovered and removed was not a violation under section 2308(a)(8) of the Code and that the Commonwealth did not adduce sufficient evidence at trial to sustain a conviction based on the corn.

Conversely, the Commonwealth argues that it presented evidence at trial to demonstrate that Redovan was hunting in the same area of the corn within 30 days of that area being baited. It asserts that Redovan was clearly aware of the presence of the corn and that Redovan's tree stand was in close proximity to and in view of the location where the corn was found. The Commonwealth notes that Redovan testified that he called in the potential violation involving the corn because the pile of corn he discovered was "so close" to his tree stand. (Commonwealth's Br. at 5.) Thus, the Commonwealth contends there is sufficient evidence to convict Redovan under section 2308(a)(8) of the Code for hunting in the same area as the corn bait.

We conclude that the evidence presented by the Commonwealth with respect to the corn discovered by Redovan was insufficient to sustain a conviction under section 2308(a)(8) of the Code. As noted previously, under section 2308(a)(8) of the Code,

> it is unlawful for any person to hunt or aid, abet, assist or conspire to hunt any game or wildlife through the use of . . . **[a]ny artificial or natural bait, hay, grain, fruit, nut, salt, chemical, mineral or other food as an enticement**

10

**for game or wildlife**, regardless of kind and quantity, **or take advantage of any such area or food or bait prior to 30 days after the removal of such material** and its residue . . . .

34 Pa.C.S. §2308(a)(8) (emphasis added).

We have previously applied the "reasonable hunter" standard to section 2308(a)(8) of the Code, concluding that a violation of section 2308(a)(8) "occurs regardless of whether the hunter actually intends to take advantage of the bait if he continues to hunt in an area after he knows or has reason to know that it is a **baited area**." *Commonwealth v. Sellinger*, 763 A.2d 525, 527 (Pa. Cmwlth. 2000) (emphasis added). In *Sellinger*, we noted that the law did not specify a distance that a hunter must be from bait or a baited area before he can lawfully hunt, but relied on a Fourth Circuit Court of Appeals decision to hold that a "baited area" is defined "by its capacity to act as an effective lure for the particular hunter charged with a violation of the statute." *Id.* (citing *United States v. Chandler*, 753 F.2d 360 (4th Cir. 1985)).[3]

Under our section 2308(a)(8) jurisprudence, we have upheld convictions where it was apparent that the Commonwealth proved that the baited area acted as an **effective lure** for the particular hunters charged with violating the statute. *See, e.g.*, *Commonwealth v. Ramun* (Pa. Cmwlth., No. 1455 C.D. 2015, filed September 8, 2016), slip op. at 11-12 (affirming conviction where Commonwealth presented evidence that the hunter shot a bear **next to a pile of corn**);[4] *Commonwealth v.*

---

[3] In *Chandler*, 753 F.2d at 362, the Fourth Circuit held that under a similar federal statute, "[t]he extent of a 'baited area' is defined only by the capacity of bait placed anywhere within it to act as an effective lure for the particular hunter charged." *Id*.

[4] Pursuant to this Court's Internal Operating Procedures, an unreported opinion of the Court filed after January 15, 2008, may be cited for its persuasive value. 210 Pa. Code §69.414(a).

11

*Comly* (Pa. Cmwlth., No. 2053 C.D. 2014, filed August 27, 2015), slip op. at 6 (affirming conviction where cracked corn was placed on a trail **directly in front of and approximately 10 feet away** from the blind where the hunter was observed hunting); *Commonwealth v. Donovan*, 829 A.2d 759, 760-61 (Pa. Cmwlth. 2003) (affirming conviction where **shelled corn was scattered 130 feet along a deer trail**, hunter was in tree stand directly over the trail, **and the closest corn was only 4 feet from the tree where the stand was located**); *see also Poff v. Commonwealth*, 609 A.2d 594, 594-95 (Pa. Cmwlth. 1992) (affirming conviction where hunter was seen **scattering cracked corn in front of his cabin and later found hunting adjacent to the cabin**).

Here, the trial court determined Redovan violated section 2308(a)(8) of the Code based on its finding that Redovan "was apprehended by [Officer] Papinchak while hunting **within 70 yards of an area which**[, Redovan] **knew had been baited less than 30 days prior to the date he was hunting**." (Trial court op. at 1) (emphasis added). However, given the general lack of facts in the record regarding the placement of the corn found by Redovan in relation to where he was apprehended, we conclude that the Commonwealth failed to establish that the area of the corn found by Redovan was a baited area, *i.e.*, that it acted as an effective lure for him.[5]

It is undisputed that Redovan was archery hunting when apprehended at his tree stand. (R.R. at 72a, 98a, 101a.) The sole facts concerning the placement of the pile of corn found by Redovan—and reported by him to the Game Commission—in relation to where he was apprehended derives from his own testimony. Specifically, Redovan testified that the pile of corn was approximately

---

[5] Moreover, while Officer Papinchak testified that Redovan hunted in the area of the salt residue, the trial court found a violation regarding the corn.

12

70 yards away from his tree stand. (R.R. at 99a, 112a.) No other evidence was introduced regarding the placement of the corn.

Because the evidence established that Redovan was archery hunting **70 yards** from the location where the corn was found and the Commonwealth neglected to introduce any other facts regarding the placement of the corn, the Commonwealth did not meet its burden of proof. The Commonwealth failed to present any evidence of the type of bow or crossbow used by Redovan, the bow's range, whether it was possible to accurately hit a target at such a distance with the bow used by Redovan, and/or whether a typical hunter could or would take such a shot. Further, there was no evidence introduced on the layout of the terrain. In particular, there was no testimony regarding the topography or vegetation of the area, including whether the area was an open field, heavily wooded, or contained brush, which is highly relevant to whether the corn could act as an effective lure for Redovan. There was also no evidence on whether the location of the corn was even visible from the tree stand or the elevation of the tree stand in relation to the location of the corn. Due to the lack of evidence concerning the location of the corn and the fact that Redovan was archery hunting **70 yards** away from the previous location of the bait pile, we hold that the Commonwealth failed to meet its burden of demonstrating beyond a reasonable doubt that Redovan hunted in a baited area, judging by its capacity to act as an effective lure.

The Commonwealth contends that the evidence supported Redovan's conviction based on Redovan's testimony that the corn was "so close" to his tree stand that he was worried about violating the statute. (R.R. at 98a.) When asked on direct examination about the pile of corn, Redovan stated that it was not his, but that "there was about 80 pounds of corn . . . . And since the proximity [was] so close, because it says it is the hunter's responsibility to take care of the area and watch what's going on, otherwise you assume like responsibility for that." *Id.*

13

Redovan also testified that his "concern with that pile of corn" was that "[i]t was within 70 yards of my tree stand" and that he was "concerned of a **possible** baiting violation because of another potential hunter." (R.R. at 99a-100a) (emphasis added).

Redovan's concern that the bait was close enough to his tree stand to constitute a possible violation of section 2308(a)(8) of the Code does not in and of itself establish a violation of the statute. Redovan followed the law by removing the corn and contacting the Game Commission. In order to convict Redovan for a violation of section 2308(a)(8), the Commonwealth was required to prove beyond a reasonable doubt that Redovan was hunting in a "baited area." Given the lack of evidence that the corn bait placed 70 yards away from Redovan's tree stand could act as an effective lure, the Commonwealth did not meet its burden of proof.

Having concluded that the Commonwealth failed to both provide Redovan with sufficient notice that it intended to prosecute him for a violation of section 2308(a)(8) of the Code stemming from the corn he found and failed to present sufficient evidence of a violation relating to the corn, we reverse the order of the trial court.[6, 7]

---

[6] In the alternative, Redovan argues that section 2308(a)(8) of the Code is unconstitutionally vague as applied to the invisible salt residue in the soil near Redovan's tree stand.

Specifically, Redovan contends that while section 2308(a)(8) contains the word "residue," the Code does not define it or contain any explanation of bait residue removal or remediation. Redovan argues he had no way to discern the acceptable level of salt residue allowed in the soil or the remediation efforts required to ameliorate salt residue in the soil. Hence, Redovan asserts that the statute, as applied, was unconstitutionally vague because he had no way to determine what conduct was prohibited. Additionally, the statute is supposed to be governed by the "reasonable hunter" standard, *see Sellinger*, 763 A.2d at 527, which would require the trial court to find that Redovan knew or should have known that after he removed the salt block and its visible residue, there would be residue remaining in the soil which needed to be removed.

**(Footnote continued on next page…)**

14

Accordingly, for the foregoing reasons, we reverse the order of the trial court.

_____
PATRICIA A. McCULLOUGH, Judge

---

**(continued…)**
However, due to our disposition of this matter on other grounds, and because Redovan was not found guilty of baiting with salt, we will not address Redovan's argument that section 2308(a)(8) is unconstitutionally vague.

[7] We note that the Commonwealth has not requested a remand to the trial court to reconsider whether a violation resulting from the salt residue occurred in the event we would reverse the trial court's conviction of Redovan stemming from the corn. Regardless, it is too late in the proceedings for the Commonwealth to seek such action. While the Commonwealth brought a single-count complaint against Redovan based on a violation of section 2308(a) of the Code due to the salt residue, the trial court found a violation for the corn. In its 1925(a) opinion, the trial court stated that it found that Redovan was apprehended while hunting within 70 yards of an area that he knew had been baited less than 30 days prior to the date he was hunting. (Trial court op. at 1.) The trial court observed that Redovan reported the corn bait to the Game Commission on August 26, 2016, and hunted from his tree stand on September 17, 2017. *Id.* Finally, the trial court found the following: Redovan contended "that the corn baiting was not his, **but that any baiting he did in the area was salt. However, the gravamen of the offense is not necessarily whose bait is present within 30 days, but more importantly the act of hunting within 30 days of a presence of baiting**." *Id.* at 1-2 (emphasis added).
Here, on sentencing order, although the trial court found Redovan guilty for a violation involving the corn he discovered, and took into consideration the issue of the salt, the trial court did not find him guilty of a violation stemming from the salt. Because the trial court's order and opinion indicates that it necessarily considered the issue of whether Redovan violated section 2308(a)(8) of the Code, with respect to the salt residue, and did not find him guilty of that violation, the Commonwealth is precluded from relitigating that issue in an effort to resolve it in a contrary way. *See Commonwealth v. States*, 938 A.2d 1016, 1021-22 (Pa. 2007); *Commonwealth v. Crenshaw*, 470 A.2d 451, 453 (Pa. 1983). Significantly, there is nothing in the record to remotely suggest that the trial court intended to find Redovan guilty for the salt, and the Commonwealth did not file a post-sentence motion to modify the sentence. Therefore, even if the trial court committed an oversight or an inadvertent error, at this point in time, the trial court lacks the legal authority to amend or otherwise alter the sentencing order. *See Commonwealth v. Cooper*, 482 A.2d 1014, 1020-21 (Pa. Super. 1984); *see also Commonwealth v. Dzvonick*, 297 A.2d 912, 914-15 (Pa. 1972); *Commonwealth v. Borrin*, 12 A.3d 466, 473 (Pa. Super. 2011) (en banc), *aff'd*, 80 A.3d 1219 (Pa. 2013).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
: No. 1416 C.D. 2017
v. :
:
Joshua T. Redovan, :
Appellant :

## *ORDER*

AND NOW, this 18th day of February, 2020, the March 30, 2017 Order of the Court of Common Pleas of Westmoreland County is hereby reversed.

_____
PATRICIA A. McCULLOUGH, Judge